**State of West Virginia**
**Plaintiff Below, Respondent**

**FILED**
**June 18, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 19-0141** (Jackson County 17-F-60)

**Michael Parsons**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Michael Parsons, by counsel Donald L. Stennett, appeals his conviction on one count of battery. Respondent State of West Virginia, by counsel Holly M. Flanigan, filed a response in support of petitioner's conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The underlying case arises from a June 8, 2017, incident wherein petitioner struck his brother-in-law, Keith "Lenny" Bess ("victim"), with a hammer. There had been a long history of animosity between petitioner and the victim. On the day in question, the victim stopped his vehicle in the public roadway adjacent to petitioner's home, as the victim was traveling to the home of petitioner's next door neighbor in order to pick up an item. Petitioner yelled at the victim as the victim was driving by petitioner's residence, and the victim stopped his vehicle in the roadway "to find out what petitioner wanted."

When the victim stopped his vehicle, petitioner came charging from his residence, across his large front yard, and approached the victim's vehicle. While the victim was still sitting inside his vehicle, petitioner began striking him with a hammer, landing several blows. In response, the victim opened the door of his vehicle, knocking petitioner to the ground. The victim then pulled a baseball bat from his vehicle and began striking petitioner with it.[1] Ultimately, the fight between

---

[1] It is alleged that the baseball bat was present in the victim's vehicle because the victim's wife had placed it there after playing baseball with her grandchildren earlier in the day.

petitioner and the victim was broken up by petitioner's mother (who lives across the road from petitioner) and petitioner's neighbor. Both petitioner and the victim were bloody and injured following the fight. Law enforcement officers were called to the scene, and petitioner was arrested. One of petitioner's neighbors videotaped the area immediately following the incident, and the video confirmed that the victim's vehicle, which was at the scene of the crime, was parked in the street, not on petitioner's property.

On June 27, 2017, petitioner was indicted and charged with malicious wounding. The trial of petitioner's case began on November 27, 2018. At trial, petitioner argued self-defense, and the jury was so instructed. In addition to a self-defense instruction, petitioner proposed that the jury be instructed as to the "castle doctrine." *See State v. Preece,* 116 W. Va. 176, 179 S.E. 524 (1935); *State ex rel. Adkins v. Dingus*, 232 W. Va. 677, 753 S.E.2d 634 (2013). Specifically, petitioner requested that the jury be instructed that

> West Virginia adheres to the "[c]astle [d]octrine," which states that a [d]efendant may use deadly force on his property if there is the reasonable belief, subjectively or objectively, that an intruder intends to harm the [d]efendant or commit some significant crime on the property. The [d]efendant need not show that he reasonably believed there was a threat of imminent death or serious bodily injury. The [d]efendant need not retreat in the face of the threat, but may meet the threat with deadly force if it is reasonable under the circumstances in the case.

> Thus, the [d]efendant has asserted, first, that he was the occupant of the property, second, that [the victim] attempted to gain unauthorized access to the [d]efendant's property, and third, that the [d]efendant acted in self-defense. The [d]efendant has introduced evidence in support of that position.

Respondent objected to the proposed instruction because the incident at issue did not occur on petitioner's property, but on a public roadway adjacent to petitioner's property. At the conclusion of the evidence at trial, the court heard the argument of counsel as to the propriety of a castle doctrine instruction and, ultimately, declined to instruct the jury accordingly. Specifically, the court stated that "[i]n this particular case and under these particular circumstances, I don't feel that it's an instruction that should be presented to the jury."

On November 28, 2018, the jury returned its verdict finding petitioner guilty of battery, a lesser-included offense of malicious wounding. Petitioner subsequently filed a motion to set aside the verdict and for a new trial, but the same was denied by the court. On January 14, 2019, petitioner was sentenced to one year in prison. Petitioner's sentence was suspended, and petitioner was granted supervised release for two years. It is from his November 28, 2018, conviction that petitioner now appeals.

On appeal, petitioner argues that the circuit court erred in denying his proposed jury instruction on the castle doctrine. We have long held that, "[a]s a general rule, a refusal to give a requested instruction is reviewed for an abuse of discretion." Syl. Pt. 2, *State v. Brock*, 235 W. Va. 394, 774 S.E.2d 60 (2015) (citing Syl. Pt. 1, in part, *State v. Hinkle,* 200 W. Va. 280, 489 S.E.2d 257 (1996)). Further, we have found that

"[a] trial court's refusal to give a requested instruction is reversible error only if: (1) the instruction is a correct statement of the law; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense." Syl. Pt. 11, *State v. Derr,* 192 W. Va. 165, 451 S.E.2d 731 (1994).

*Brock*, 235 W. Va. at 397, 774 S.E.2d at 63, syl. pt. 3.

In order to determine the propriety of a jury instruction on the castle doctrine, we must examine the doctrine itself. In syllabus points 1 and 2 of *State v. W.J.B.,* 166 W. Va. 602, 276 S.E.2d 550 (1981), we held that

1. "A man attacked in his own home by an intruder may invoke the law of self-defense without retreating." Syllabus point 4, *State v. Preece,* 116 W. Va. 176, 179 S.E. 524 (1935).

2. The occupant of a dwelling is not limited in using deadly force against an unlawful intruder to the situation where the occupant is threatened with serious bodily injury or death, but he may use deadly force if the unlawful intruder threatens imminent physical violence or the commission of a felony and the occupant reasonably believes deadly force is necessary.

As referenced by this Court in *W.J.B.*, "there is still basic vitality to the ancient English rule that a man's home is his castle, and he has the right to expect some privacy and security within its confines." 166 W. Va. at 612, 276 S.E.2d at 556.

Here, petitioner argues that there was sufficient evidence upon which to find that, at the time of the incident in question, he was defending himself on his property, triggering the application of the castle doctrine. As such, the circuit court abused its discretion in refusing to instruct the jury accordingly. We disagree.

Based upon our review of the record as a whole, we find that the circuit court did not abuse its discretion in refusing petitioner's proposed castle doctrine instruction, given the absence of evidence to support the application of the doctrine. This Court has reasoned that "an instruction which is not supported by evidence should not be given." Syl. Pt. 4, in part, *State v. Collins*, 154 W. Va. 771, 180 S.E.2d 54 (1971).

Here, the record reflects that the victim was attacked by petitioner with a hammer as the victim sat in his vehicle upon a public roadway. In order to access the victim, petitioner left his residence, went across his large yard, and into the roadway. Petitioner provides no legal authority to support such an "unsustainably broad application" of the castle doctrine. Here, petitioner proactively chose the location and circumstance of his defense, and it is undisputed that it did not occur on his property. We concur with the State's assertion that petitioner's preventative defense

3

of himself "against a perceived threat" outside of his home and property exceeds the scope of the castle doctrine.

For the foregoing reasons, we affirm the petitioner's conviction.

Affirmed.

**ISSUED:** June 18, 2020

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison